IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE BADUE,

      Plaintiff,                  No. CIV S-09-2934 EFB P

  vs.

M. SAVAGE, et al.,

      Defendants.          <u>ORDER</u>

_____/

      Steve Badue, an inmate confined at California Correctional Center, Sierra Unit, filed this pro se civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      On November 19, 2010, the court dismissed plaintiff's complaint with leave to amend, as it did not state a cognizable claim for relief. However, plaintiff's claims challenging the validity of his conviction or sentence were dismissed *without* leave to amend. The court cautioned plaintiff that failure to comply with its order would result in the dismissal of the action.

      Plaintiff then submitted a document titled "Second Amended Prisoner Civil Rights Complaint." *See* Dckt. Nos. 22, 23. Plaintiff has also filed four pleadings titled "Motion to Remedy Civil Rights Violation," "Motion to Remedy Civil Rights Violation," "Motion for

1 Sanctions," and "Demand for Trial by Jury." *See* Dckt. Nos. 24-27.

2     Plaintiff's amended complaint is unclear. He makes frequent use of legal terminology
3 and cites cases, but as before, does not clearly explain the factual basis of his claims. The factual
4 allegations that can be gleaned from his complaint are that District Attorney Kari Reeve opposed
5 his pro per "motion to demur" which requested that charges against him be dismissed for lack of
6 jurisdiction. This opposition is alleged to have somehow violated plaintiff's constitutional rights
7 He attaches as an exhibit Reeve's opposition to his motion to demur, which states in part "[i]t is
8 difficult for the prosecution to ascertain the grounds on which the defendant is seeking to demur
9 in the present case. However, it does appear that he is attempting to argue that the Sacramento
10 County Superior Court does not have jurisdiction over the current case . . . ." Plaintiff also
11 attaches his motion to demur and supporting documents. He has also attached a copy of a denial
12 of a petition for habeas corpus, and a transcript of court proceedings where he changed his plea.

13     It appears that plaintiff is once again attempting to challenge the validity of his
14 conviction or sentence. As noted, the court previously dismissed that claim without leave to
15 amend. As explained in the court's previous order, "a state prisoner's § 1983 action is barred
16 (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter
17 the target of the prisoner's suit (state conduct leading to conviction or internal prison
18 proceedings)--if success in that action would necessarily demonstrate the invalidity of
19 confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis added);
20 *see also Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994).
21 Plaintiff has not demonstrated that his sentence has previously been invalidated. Therefore,
22 plaintiff's claims are not cognizable. Further leave to amend would be futile. Thus, the case
23 must be dismissed.

24 ////
25 ////
26 ////

1  Plaintiff's other filings do not contain factual allegations that could be construed as the
2  basis of a 1983 claim.
3  Accordingly, it is hereby ORDERED that:
4  1. Plaintiff's amended complaint is dismissed without leave to amend; and
5  2. The Clerk is directed to close the case.
6  Dated: August 9, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3